2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

**Reply to: Fort Myers, FL**

May 25, 2018

**Email**
Nicole Waid
Fisher Broyles, LLP
Nicole.waid@fisherbroyles.com

      Re:    <u>Advanced Pain Management & Spine Specialists of Cape Coral and Fort Myers</u>

Dear Nicole:

      Thank you for the opportunity to address your concerns raised in your May 23, 2018 email correspondence relating to the Civil Investigative Demand ("CID") deposition of David Vaughn. To summarize, Mr. Vaughn offered a number of dates for his deposition in June, including June 5th and June 6th. I have cleared my schedule to accommodate traveling to Louisiana for those dates. Even though the CID statute does not give you, as Advanced Pain's counsel, the right to attend Mr. Vaughn's deposition, you have stated that you would not allow for Mr. Vaughn to schedule the deposition until I addressed your concerns. I will now attempt to do so.

      In your email, you raise two issues: (1) the scope of the questioning, and (2) the date of the CID. First, with respect to the scope of Mr. Vaughn's testimony, I previously discussed this issue as part of my October 6, 2017 Letter. As you had initially indicated on September 22, 2016, "[i]f the United States Attorney's Office decides that our clients' business model violates the Anti-Kickback Statute in light of both Advisory Opinion 12-06 and 13-15, then our clients will invoke the advice of counsel defense and we will waive attorney/client privilege for the limited purpose of advice pertaining to the ***business model and OIG Advisory Opinion 12-06.***" (emphasis added). After the HHS-OIG reviewed the white paper and disagreed with the conclusion, on September 29, 2017, you indicated that Advanced Pain would formally invoke the advice of counsel defense on this issue.

1

After the CID for testimony was served on Mr. Vaughn, you took the position that the waiver only related to communications regarding the creation and legality of Anesthesia Partners and, therefore, to the extent that there were other communications with Mr. Vaughn relating to the anesthesia business model and the relevant OIG Advisory Opinions that it was outside the scope of the waiver. It is the United States' contention that this position is not legally supportable.

It is well established that when the attorney-client privilege is waived that "the waiver applies to all other communications relating to the same subject matter." Fort James Corp. v. Solo Cup. Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005). As you are well aware, given that HHS-OIG and this office have already determined that the anesthesia relationship was not protected under the federal Anti-Kickback Statute ("AKS"), the investigation in this case is focusing on the factual circumstances, including the advice your clients were given on the subject of the anesthesia business model and the relevant Advisory Opinions. For that reason, *any* advice that they received from Mr. Vaughn with respect to the subject matter of the business model and the Advisory Opinions is fair examination. This is especially so because, as your client admitted during his CID deposition, both Anesthesia Partners and IPS of Fort Myers operated in similar fashion.

Accordingly, your position that the waiver applies to some, but not all, of the advice that Mr. Vaughn gave your clients relating to the exact same advisory opinions, is legally unsupportable. Moreover, at this investigative stage, without the information on all of the advice they received, the United States is forced to assume that the communications at issue would not support your client's reliance on the advice of counsel defense on the anesthesia business model issue.

At Mr. Vaughn's deposition, I plan to ask him about all of the communications he had with Advanced Pain and its principals regarding the anesthesia business model and the relevant OIG Advisory Opinions. However, as you have indicated, you may not permit Mr. Vaughn to answer questions regarding his analysis of the anesthesia business model and relevant Advisory Opinions to the extent those communications did not relate to the creation and legality of Anesthesia Partners. Accordingly, to the extent you believe any of the questions at the deposition fall outside the scope of the waiver; please make your objection at the time of the deposition. The United States will make its record and may litigate the issue in the future.

Second, the fact that the CID was initially issued in September of 2017, and accepted by Mr. Vaughn shortly thereafter, is irrelevant. The CID statute, 31 U.S.C. § 3733, does not set an expiration date and research has not yielded any authority for the proposition that a CID can somehow become stale. If you have authority to the contrary, please let me know and I will review. Regardless, the reason that the CID deposition did not take place sooner was because

2

Advanced Pain is taking the legally unsupportable position that Advanced Pain has only waived its privilege for *some* of the advice it received from Mr. Vaughn with respect to the relevant OIG Advisory Opinions but not all of the advice on this issue.

Accordingly, I am planning on going forward with the CID deposition on either June 5th or June 6th (depending on what works better for you and Mr. Vaughn). Please let me know as soon as possible what date and times work best.

Sincerely,

MARIA CHAPA LOPEZ
United States Attorney

By: *Kyle Cohen*
Kyle S. Cohen
Assistant United States Attorney