Exhibit 1

# Civil Investigative Demand – Documents, Written Interrogatories, and Testimony

United States Attorney's Office for
The Middle District of Florida

TO: David Vaughn
Vaughn & Associates, LLC
9191 Siegen Lane, Bldg. #8
Baton Rouge, LA 70810

Civil Investigative Demand
No: 2017-0030

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations that several entities submitted or caused the submission of false claims to federal health care programs, in violation of 42 U.S.C. § 1320c-5(a)(1), by billing the United States for procedures in violation of the federal Anti-Kickback Act.

This Demand requires you to provide answers to a written interrogatory, testimony, and document responses to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information and documents provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733. Assistant United States Attorney Kyle Cohen has been designated the False Claims Act custodian in this case. Please address the answers to the written interrogatory and requested documents to Mr. Cohen, at:

Kyle Cohen, Assistant United States Attorney
Office of the United States Attorney for the Middle District of Florida
2110 First St., Suite 3-137 Ft. Myers, FL 33901
(239) 461-2200

## Written Interrogatory

You are required by this Demand to answer the following interrogatory. The answers to the interrogatory shall be submitted no later than twenty (20) days from the receipt of this Demand, at U.S. Attorney's Office, 2110 First Street, Suite 3-137, Fort Myers, FL 33901, or at such time and in such other places as may be agreed upon by Assistant United States Attorney Kyle. S. Cohen and you. The interrogatory shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this Demand. If you object to the interrogatory, the reasons for the objection shall be stated with specificity.

1. Please identify the date and the subject matter of any legal advice you have given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Anesthesia Partners of SWFL, LLC., Dr. Michael Frey; and/or Dr. Jonathan Daitch.

## Oral Testimony

You are required by this Demand to give oral testimony under oath, commencing at such time and in such place as may be agreed upon by Kyle Cohen, Assistant United States Attorney, Middle District of Florida, and you.

Mr. Cohen ((239) 461-2245) is the False Claims Act investigator who will conduct the examination and the custodian to whom the transcript of the deposition will be delivered. Special Agents Heather Hamed, Issac Bledsoe, Curtis Wilkins and Senior Civil Investigator Kevin Codol are the deputy custodians who are also False Claims Act investigators for purposes of this demand.

Your attendance and testimony at the oral examination are necessary to conduct the False Claims Act investigation described above. You have the right to be accompanied by an attorney and any other personal representative at this examination.

The general purpose for which this Civil Investigative Demand is issued is to discover your knowledge concerning any advice given by you to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding Anesthesia Partners of SWFL, LLC., HHS-OIG Advisory Opinion 12-06 and/or HHS-OIG Advisory Opinion 13-15.

## Document Requests

You are required by this Demand to produce any and all of the documents in your possession, custody, or control identified in Attachment A. You must make available these documents to Mr. Cohen who has been designated as False Claims Act custodian in this case. These documents shall be produced no later than thirty (30) days from the receipt of this Demand. The production of documentary materials in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

Issued at Tampa, FL, this 27th day of SEPTEMBER, 2017.

W. Stephen Muldrow
Acting United States Attorney

# Attachment A

1. **Definitions:**

   a. The term document(s) means the original document, or certified true copy thereof if the original is not in the possession, custody, or control of the company, all written or printed matter of any kind, formal or informal, wherever located, including, but not limited to, files, folders, journals, appointment books or calendars, diaries, medical claims, drawings, graphs, explanation of benefits, TRICARE, Medicare and Medicaid health insurance claims forms, patient files, prescriptions, profiles, treatment plans, records, laboratory and x-ray results, index cards, notebooks, notepads, patient ledgers, receipts, vouchers, invoices, reports, correspondence, notes, memoranda, and material stored in any data system, to include electronic storage media, which incorporates electronic mail, text messages, voicemail messages, facsimiles, videotapes, audiotapes, photographs, magnetic tapes, computer disks (including floppy disks, hard drives, and hard disks), all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means. Document(s) also includes preliminary drafts or revisions, any attachment or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations. "Documents" and "Records" are also defined to require the production of documents, such as distribution lists, that identify persons (including their addresses and telephone numbers) who receive the subject matter set forth in the individual specifications.

   b. The term document(s) also means any container, file folder or other enclosure bearing any marking or identification in which other "documents" are kept, but does not include file cabinets.

   c. Relevant time period: All documents requested herein refer to the period January 1, 2012, to the date of this subpoena, unless otherwise indicated, and shall include all documents created or prepared during that period, or referring or relating to that period, regardless of when the document was created or prepared.

   d. The term "and" should be interpreted as including "or" and vice versa.

   e. "You" or "your" means David Vaughn and/or Vaughn & Associates, LLC. If an entity, "you" or "your" includes any parents, subsidiaries, affiliates, segments, divisions, both presently existing and those which previously existed, of such entity, and any present or former officers, directors, employees, consultants, contractors, attorneys, agents, and members of the board of directors of any of the foregoing entities. If a person, "you" or "your" includes your attorneys, representatives, agents, and all persons or entities acting or purporting to act on your behalf.

f. The terms "with regard to", "regarding", "relates", "relating to", "referencing", and "concerning" means relating to, regarding, constituting, referring to, reflecting, describing, embodying, showing, discussing, evidencing, or in any way pertaining to.

g. The term "any and all" means all documents and records that respond in whole or in part to any part or clause of any paragraph of this subpoena, and shall be produced in their entirety, including all attachments and enclosures. The term "any" shall be construed to include the word "all" and the term "all" shall be construed to include the word "any."

h. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and specifically includes electronic mail.

i. The term "correspondence" means any recorded material from one individual or entity to another, to include, but not limited to, electronic mails, notes, letters, telephone logs, facsimile, facsimile logs, voice recordings or other form of communication.

j. The singular form of any word shall also mean the plural form. The plural form of any word shall also mean the singular form. The masculine, feminine, or neutral gender of any word shall also mean the other genders. All verbs shall be construed to include all tenses.

k. The specificity of any of the above Definitions, or parts thereof, does not define or limit the generality of the other Definitions or other parts of any Definitions.

2. **Instructions:**

   a. Claim of privilege: If any document is withheld by you under claim of privilege, including the attorney-client privilege, you shall furnish a schedule setting forth the date, name and title of the author, addressee and recipient. In addition, the subject matter of such document, the nature of the privilege claimed, the basis on which it is claimed, and the paragraph of this subpoena to which it is claimed.

   b. Identifying documents: In order to facilitate the handling of documents submitted pursuant to this subpoena, to preserve their identity and to ensure their accurate and expeditious return, it is requested that each document be marked with an identifying number and that the documents be numbered consecutively. Only the first page of multi-page bound documents should be lettered and numbered and the total number of pages in a document should be noted. Documents should also remain within the file folders in which they were located at the time of service of this subpoena. Such file folders should also be numbered as if they were another document. Within each file folder, documents should remain in the same order as they were at the time of service of the subpoena. Multi-page documents should remain intact.

c. Production: The person designated by the company to appear in response to this subpoena must be a person who is fully knowledgeable concerning the company's search for the documents responsive to this subpoena, as well as one who can authenticate the documents as business records. Should the same person not be competent to perform both requirements, the company shall designate such additional persons as may be necessary to appear.

3. **Documents Required:**

   1. All documents relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding Anesthesia Partners of SWFL, LLC.

   2. All emails and communications with Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Dr. Michael Frey; and/or Dr. Jonathan Daitch with respect to any legal advice provided regarding Anesthesia Partners of SWFL, LLC.

   3. All documents relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding HHS-OIG Advisory Opinion 12-06 and/or HHS-OIG Advisory Opinion 13-15.

   4. All emails and communications with Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SW Florida, Dr. Michael Frey; and/or Dr. Jonathan Daitch with respect to any legal advice provided regarding HHS-OIG Advisory Opinion 12-06 and/or HHS-OIG Advisory Opinion 13-15.

# FORM OF CERTIFICATE OF COMPLIANCE[1]

      I have responsibility for answering interrogatory number 1 in Civil Investigative Demand No. 2017-0030. I hereby certify that all the information required by the Civil Investigative Demand and in the possession, custody, control, or knowledge of the person to whom the Civil Investigative Demand is directed has been submitted. To the extent information has not been furnished, the information is identified and the reasons why the information was not furnished are set forth with particularity. Additionally, if any such information has not been produced because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated.

Signature_____

Title_____

**SWORN TO** before me this_____day of

_____, 2017

_____
NOTARY PUBLIC

---

[1] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

## FORM OF CERTIFICATE OF COMPLIANCE[2]

I have responsibility for producing the documents requested in Civil Investigative Demand No: 2017-0030. I hereby certify that all the materials required by that Civil Investigative Demand which are in the possession, custody, or control of the person to whom the Demand is directed have been submitted to a custodian named therein.

If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

Signature_____

Title_____

**SWORN TO** before me this _____ day of _____, 2017

_____
NOTARY PUBLIC

---

[2] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

# **VERIFIED RETURN OF SERVICE**

I, _____, an employee of the United States working under the direction and supervision of attorney Kyle Cohen in connection with a false claims law investigation, hereby certify that at the time of _____, on the _____ day of _____, 2017, I personally served Civil Investigative Demand No: 2017-0030 on _____, by delivering _____ at:

_____
_____
_____


I declare under penalty of perjury that the foregoing is true and correct. Executed on this _____ day of _____, 2017.

                             Signature_____

                             Title_____