Exhibit 2

# FISHERBROYLES
## A LIMITED LIABILITY PARTNERSHIP

Nicole H. Waid, Esq.
Partner

2390 Tamiami Trail North
Suite 100
Naples, Florida 34103
Direct: (202)-906-9572

nicole.waid@fisherbroyles.com
www.FisherBroyles.com

**October 3, 2017**

*VIA E-MAIL*
AUSA Kyle Cohen
USAO – Middle District of Florida
Fort Myers Division
2110 W. First Street, Ste. 3-137
Fort Myers, FL 33901

Re: David Vaughn; Vaughn & Associates, LLC
Civil Investigative Demand 2017-0030

Dear AUSA Cohen:

We are aware that on Friday, September 30, 2017, the government served David Vaughn and his law firm Vaughn & Associates, LLC with a Civil Investigative Demand ("CID") regarding legal advice provided to Advance Pain Management & Spine Specialists, Anesthesia Partners, Park Center for Procedures ("hereinafter APMSS-related entities"), and Advanced Labs of SWFL. As the information requested pertains to legal advice provided to our client, we submit the following written objections to the CID for the reasons stated below.

**General Objections**

We object to any interrogatory or document request that calls for privileged information, including, without limitation, information protected by the attorney-client privilege; (2) any interrogatory or document request that calls for the production of any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for our client, on the grounds that such information is protected by the attorney work product doctrine; and, (3) any interrogatory or documentary request that is overly broad, unduly burdensome, harassing, or duplicative.

The mere service of a CID upon legal counsel is overly broad, unduly burdensome, harassing, and duplicative. For the past two years, the government has been well-aware of the nature and extent of the legal advice Mr. Vaughn provided to APMSS-related entities regarding the anesthesia business model. The government knows that Mr. Vaughn assisted APMSS-related entities with establishing the anesthesia entity. Mr. Vaughn participated in a conference call with HHS-OIG and the United States Attorney's Office to discuss and defend his legal position regarding the legality of the anesthesia business model employed by APMSS. Mr. Vaughn further clarified his position in a ***written white paper*** that he submitted jointly with myself to HHS-OIG. This white paper established the basis of his legal analysis for the advice provided to our clients. When HHS-OIG had further questions, Mr. Vaughn and myself jointly submitted a ***supplement to the white paper*** with additional legal analysis and arguments. The government has been told numerous times by Mr. Vaughn and myself that Mr. Vaughn would provide the exact same legal advice today and would testify about the legal advice he provided to our clients at trial regarding compliance of the APMSS-related entities business model with federal law.

Mr. Vaughn has made himself available to the government whenever the government requested to speak with him. In fact, in our letter submitted to the government on Friday, September 30, 2017, we state: "Mr. Vaughn would be happy to answer any questions you may have regarding the advice provided. We would also appreciate further discussion regarding our analysis of the anesthesia business model in relation to the AKS, as well as the government's analysis that renders a contrary conclusion. Mr. Vaughn can be reached via his office number at (225) 769-1320 or via email at david@lalawfirm.net." Mr. Vaughn has always been cooperative, respectful, and professional in his dealings with the government. It is unfortunate that the government does not extend that same professional courtesy to Mr. Vaughn.

**Specific Objections**

In our letter dated September 30, 2017, we were very specific about the limitations on our client's waiver of attorney-client privilege. Specifically, we stated, "Our client is invoking the advice of counsel defense ***for the specific issue of advice provided to our clients about the legality of the anesthesia business model***. The waiver of privilege does ***not*** pertain to any other issues discussed during settlement negotiations, the current investigation, or any other legal advice." [emphasis added]. The CID clearly exceeds this limited waiver.

Written Interrogatory: *Please identify the date and the subject matter of any legal advice you have given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SWFL, Anesthesia Partners of SWFL, LLC, Dr. Michael Frey; and/or Dr. Jonathan Daitch.*

We object to the Written Interrogatory as overly broad, unduly burdensome, harassing, and duplicative. We also object based upon grounds that it violates attorney/client privilege. First, David Vaughn has represented APMSS for over ten (10) years. The number of communications between Mr. Vaughn and his clients would be an exorbitant amount of information and it would be overly burdensome to produce this information without any constraints on time or subject matter. Second, the information the government seeks is not relevant to the investigation or the nature of the advice of counsel defense. Our clients made a limited waiver of attorney-client privilege for advice provided by Mr. Vaughn regarding the anesthesia business model. This extremely narrow and limited waiver does not allow the government to conduct a fishing expedition of "any" subject matter regarding Mr. Vaughn's legal advice to his clients.

Document Request #1: *All documents relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SWFL, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding Anesthesia Partners of SWFL, LLC.*

We object to Document Request #1 as overly broad, unduly burdensome, harassing, and duplicative. We also object based upon grounds that it violates attorney/client privilege. The government is only entitled to documents related to the advice provided by Mr. Vaughn to our clients regarding the legality of the anesthesia business model -- nothing more. The government is not entitled to documents or advice provided regarding Anesthesia Partners of SWFL, LLC that is outside the scope of this limited waiver.

Furthermore, Advanced Labs of SWFL is a separate legal entity, was not a part of the anesthesia business model, and did not waive attorney-client privilege for any issues. Our letter clearly invokes the waiver on behalf of Advanced Pain, the entity to whom the government issued the CID. Thus, the government is not entitled to any communications with Advanced Labs of SWFL.

Document Production #2: *All emails and communications relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SWFL, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding Anesthesia Partners of SWFL, LLC.*

We object to Document Request #2 as overly broad, unduly burdensome, harassing, and duplicative. We also object based upon grounds that it violates attorney/client privilege. The government is only entitled to documents related to the advice provided by Mr. Vaughn to our clients regarding the legality of the anesthesia business model -- nothing more. The government is not entitled to documents or advice provided regarding Anesthesia Partners of SWFL, LLC that is outside the scope of this limited waiver. Furthermore, Advanced Labs of SWFL is a separate legal entity, was not a part of the anesthesia business model, and did not waive attorney-client privilege for any issues. Our letter clearly invokes the waiver on behalf of Advanced Pain, the entity to whom the government issued the CID. Thus, the government is not entitled to any communications with Advanced Labs of SWFL.

Document Production #3: *All documents relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SWFL, Anesthesia Partners of SWFL, LLC, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding HHS-OIG Advisory Opinion 12-06.*

We object to Document Request #3 as overly broad, unduly burdensome, harassing, and duplicative. Advanced Labs of SWFL is a separate legal entity, was not a part of the anesthesia business model, and did not waive attorney-client privilege for any issues. Our letter clearly invokes the waiver on behalf of Advanced Pain, the entity to whom the government issued the CID. Thus, the government is not entitled to any communications with Advanced Labs of SWFL. Finally, the government is already in possession of the requested documents. Mr. Vaughn was consulted regarding the waiver of attorney-client privilege for advice regarding legality of the anesthesia business model. He searched his records, provided FisherBroyles with documents, and reviewed our submission, including Bates Numbers 000001-000008.

Document Production #4: *All emails and communications relating to advice given to Advanced Pain Management & Spine Specialists; Park Center for Procedures, Advanced Labs of SWFL, Anesthesia Partners of SWFL, LLC, Dr. Michael Frey; and/or Dr. Jonathan Daitch regarding HHS-OIG Advisory Opinion 12-06.*

We object to Document Request #4 as overly broad, unduly burdensome, harassing, and duplicative. Advanced Labs of SWFL is a separate legal entity, was not a part of the anesthesia business model, and did not waive attorney-client privilege for any issues. Our letter clearly invokes the waiver on behalf of Advanced Pain, the entity to whom the government issued the CID. Thus, the government is not entitled to any communications with Advanced Labs of SWFL. Finally, the government is already in possession

of the requested documents. Mr. Vaughn was consulted regarding the waiver of attorney-client privilege for advice regarding legality of the anesthesia business model. He searched his records, provided FisherBroyles with documents, and reviewed our submission, including Bates Numbers 000001-000008.

## Conclusion

We submit the above written objections on behalf of our client. We respectfully request that the government withdraw the issuance of the CID to Mr. Vaughn. In the alternative, we request that the government limit the scope of the CID to information regarding the specific advice provided by David Vaughn to our clients about the legality of the anesthesia business model. If the government refuses to limit the scope of the CID, we will be forced to address this with the Court.

We look forward to your response.

Best regards,

Nicole H. Waid, Esq.
Partner