Exhibit 3

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

**Reply to: Fort Myers, FL**

October 6, 2017

**Email**
Nicole Waid
Fisher Broyles, LLP
Nicole.waid@fisherbroyles.com

    Re:    <u>Advanced Pain Management & Spine Specialists of Cape Coral and Fort Myers</u>

Dear Nicole:

This letter is in response to your correspondence dated October 3, 2017, regarding your client's objections to the CID served on David Vaughn. As an initial matter, the United States agrees that the CID served on Mr. Vaughn is only seeking documents and information commensurate with the scope of your clients waiver of the attorney-client privilege on the issue of whether Dr. Daitch and Dr. Frey's ownership of Anesthesia Partners, which performs all of the anesthesia services on the patients Advanced Pain refers for surgery, potentially violates the federal Anti-Kickback Statute ("AKS").

Just as background, on September 22, 2016, you submitted a white paper on this issue. In that paper you stated:

> Dr. Daitch and Dr. Frey sought advice of counsel from Attorney David Vaughn, compliance counsel for APSWFL, PCP and APMSS, prior to creating the anesthesia company. This advice centered upon the distinctions between the physicians' personal business model and the business model that OIG warned about in Advisory Opinion 12-06. **If the United States Attorney's Office decides that our clients' business model violates the Anti-Kickback Statute in light of both Advisory Opinion 12-06 and 13-15, then our clients will invoke the advice of counsel defense and we will waive attorney/client privilege for the limited purpose of advice pertaining to the business model and OIG Advisory Opinion 12-06.**

1

> Emails and other correspondence will be turned over to the USAO pursuant to that waiver, if necessary.

(emphasis added). This office and HHS-OIG reviewed that white paper and disagreed with the analysis. A teleconference was held with the HHS-OIG attorney assigned to this case to discuss that conclusion. Following that teleconference, you submitted a second white paper focusing primarily on the issue of whether the fact that the anesthesia services were performed by certified nurse anesthetists ("CRNAs") affected that conclusion. This office and HHS-OIG reviewed this position and determined that it had no effect on the AKS analysis.

Finally, on September 29, 2017, more than one year later, and after having initially indicated that your clients would waive the privilege with regards to this issue, you formally invoked the advice of counsel defense and disclosed just eight pages (APMSS_PRIV_000001 – 000008) supposedly reflecting the legal advice your clients received from Mr. Vaughn on this issue.

Obviously, the assertion of the advice of counsel defense waives "the attorney-client privilege as to communications and documents relating to the advice." See e.g., SNK Corp. of America v. Atlus Dream Ent. Co. Ltd., 188 F.R.D. 566, 570 (N.D. Cal. 1999). Accordingly, because your clients have asserted the advice of counsel defense on this issue, there is nothing improper or unprofessional about the United States to seeking *all* of the documents and communications from Mr. Vaughn associated with any advice he provided to your clients pertaining to the business model and the relevant advisory opinions.

Your letter seems to imply that the purpose of the CID was to obtain privileged communications beyond the scope of this waiver. It was not. The CID should not be read, and it was not the United States' intention, to obtain attorney-client privileged information outside the scope of your client's waiver on this issue.

Accordingly, the CID seeks only the production of all of Mr. Vaughn's documents and communications related to this issue. If those eight documents are all that he has then Mr. Vaughn must certify that those are all of the responsive documents in his possession, custody, or control. Similarly, the interrogatory should only be read as seeking the dates of any legal advice that he gave to your clients on this issue. Finally, the CID deposition will not seek the disclosure of attorney-client privileged communications beyond the scope of the waiver.

I hope that this clarification alleviates your objections and concerns. Please let me know if you have questions.

Sincerely,

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
Kyle S. Cohen
Assistant United States Attorney