Exhibit 4

| | |
|---|---|
| **From:** | Nicole Waid |
| **To:** | Cohen, Kyle (USAFLM); David Vaughn |
| **Cc:** | Brian E. Dickerson; Sarah Zimmerman |
| **Subject:** | RE: CID |
| **Date:** | Friday, October 27, 2017 11:32:00 AM |

Hi, Kyle.

We will provide a privilege log, however, I would like to clarify the client's position. Our September 22, 2016 letter is perfectly clear as to the extent of the waiver. The letter states, "If the United States Attorney's Office decides that **our clients' business model** violates the Anti-Kickback Statute in light of both Advisory Opinion 12-06 and 13-15, then our clients will invoke the advice of counsel defense and we will waive attorney/client privilege for the limited purpose of advice ***pertaining to the business model and OIG Advisory Opinion 12-06***." The CID and subpoenas were issued to Advanced Pain, Anesthesia Partners of SWFL, and Park Center for Procedures. The business model in question has always been the Anesthesia Partners of SWFL business model. This is the business model that the government alleges violates the AKS and this business model was the subject of our teleconference with HHS-OIG, the white paper, and the white paper supplement. It is clear that the government is seeking advice regarding the IPS business model. The IPS business model and any other advice provided pursuant AO 12-06 is irrelevant and clearly outside the scope of the waiver, which is limited to the relevant subject matter of the current business model.

Thanks,
Nicole

**From:** Cohen, Kyle (USAFLM) [mailto:Kyle.Cohen@usdoj.gov]
**Sent:** Friday, October 27, 2017 10:50 AM
**To:** David Vaughn <david@lalawfirm.net>
**Cc:** Nicole Waid <nicole.waid@FisherBroyles.com>
**Subject:** RE: CID

David,

Thank you for your response to the CID. I am sorry it took me a while to get back with you, but it has been a busy week and I have been traveling and then sick (as is alswayss the case after travel). I am copying Nicole on this email because I understand that this relates to Advanced Pain documents.

The 3rd and 4th document requests relating to the CID were for all documents and communications relating to any legal advice provided to APMS and the doctors relating to HHS-OIG Advisory Opinion 12-06 and/or HHS-OIG Advisory Opinion 13-15. These requests were not limited to that type of advice only as it relates to the formation of Anesthesia Partners, but to any and all advice with respect to those Advisory Opinions.

Currently, Nicole and I are in a disagreement with respect to the scope of the waiver. I believe that the waiver would have been with respect to any communications relating to those Advisory

opinions, as was stated in the September 22, 2016 letter that was submitted to me on Advanced Pain's behalf "If the United States Attorney's Office decides that our clients' business model violates the Anti-Kickback Statute in light of both Advisory Opinion 12-06 and 13-15, then our clients will invoke the advice of counsel defense and we will waive attorney/client privilege for the limited purpose of advice pertaining to the business model *and* OIG Advisory Opinion 12-06." Therefore, I believed that any and all of the advice you gave them with respect to the Advisory Opinions was included as part of the waiver regardless of whether it directly related to the creation or legality of Anesthesia Partners.

However, it is now my understanding from Nicole that Advanced Pain is taking the position that the waiver only relates to the advice given to the extent it relates to the creation or legality of Anesthesia Partners.

I am trying to determine what my next steps will be. To that end, I need to understand whether there are documents containing your advice to APMS and the physicians relating Advisory Opinion 12-06 and 13-15 that were not already included in this production. If not, then this whole misunderstanding may be a non-issue.

To that end, and in order to fully comply with the CID, please collect the documents that are responsive to requests 3 and 4 of the CID that have not already been produced and, to the extent Advanced Pain is claiming privilege over those documents, produce a privilege log identifying those documents. This way, I can understand whether we are disagreeing over nothing or if I need to determine whether additional steps need to be taken.

Until then, lets take the deposition off the schedule for now. So you can clear November 13th. We will likely have to reschedule for a later time once this is resolved.

Thank you for your understanding and please do not hesitate to call me if you have any questions.

Kyle S. Cohen
Senior Litigation Counsel
Assistant United States Attorney
Middle District of Florida, Civil Division
2110 First Street,
Suite 3-137
Fort Myers, FL 33901
Phone (239) 461-2200
Email kyle.cohen@usdoj.gov

---

**From:** David Vaughn [mailto:david@lalawfirm.net]
**Sent:** Friday, October 20, 2017 11:32 AM
**To:** Cohen, Kyle (USAFLM) <KCohen@usa.doj.gov>
**Subject:** Re: CID

I have the date reserved.

Also, as promised, attached is my response to the CID and the documents responsive to the CID.

David M. Vaughn, Esq., CPC
9191 Siegen Lane, Bldg. 8
Baton Rouge, LA 70810
Phone: 225.769.1320
Fax: 225.769.1115

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** "Cohen, Kyle (USAFLM)" <Kyle.Cohen@usdoj.gov>
**Date:** Friday, October 20, 2017 at 9:51 AM
**To:** Me <david@lalawfirm.net>
**Subject:** RE: CID

David,

Please reserve November 13th. We are working on the location.

Kyle S. Cohen
Senior Litigation Counsel
Assistant United States Attorney
Middle District of Florida, Civil Division
2110 First Street,
Suite 3-137
Fort Myers, FL 33901
Phone (239) 461-2200
Email kyle.cohen@usdoj.gov

**From:** David Vaughn [mailto:david@lalawfirm.net]
**Sent:** Tuesday, October 17, 2017 12:14 PM
**To:** Cohen, Kyle (USAFLM) <KCohen@usa.doj.gov>
**Subject:** Re: CID

Yes. There will be a few more. Traveling now. Goal is to have CID response emailed to you on Friday.

David M. Vaughn, Esq., CPC
225.769.1320
Sent from my iPhone 6

On Oct 17, 2017, at 10:24 AM, Cohen, Kyle (USAFLM) <Kyle.Cohen@usdoj.gov> wrote:

> David,
>
> I hope all is well with you. I expect to get back with you soon regarding the deposition date. The most likely dates are the 13, 14th, or 15th.
>
> I also just wanted to check in to see if you know at this time whether there are any additional documents that you will be producing documents reflecting communications about legal advice you gave Advanced Pain on this issue?
>
>
> Kyle S. Cohen
> Senior Litigation Counsel
> Assistant United States Attorney
> Middle District of Florida, Civil Division
> 2110 First Street,
> Suite 3-137
> Fort Myers, FL 33901
> Phone (239) 461-2200
> Email kyle.cohen@usdoj.gov