THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVANCED PAIN MANAGEMENT
AND SPINE SPECIALISTS, PARK
CENTER FOR PROCEDURES,
ANESTHESIA PARTNERS OF
SOUTHWEST FLORIDA,

            Petitioners,

    v.                                              Case No. 2:18-mc-7-FtM-38CM

UNITED STATES OF AMERICA

            Respondent.
_____/

**THE UNITED STATES OF AMERICA'S REPLY BRIEF IN SUPPORT OF THE
UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Respondent, the United States of America, files this Reply in order to address issues raised for the first time by Petitioners, Advanced Pain Management and Spine Specialists, Park Center for Procedures, and Anesthesia Partners of Southwest Florida ("Advanced Pain"). As explained below, Advanced Pain's belated arguments are supported with little more than conclusory statements and legal buzzwords. When the issues before the Court are viewed in the context of the correct legal framework and a complete factual record, it is clear that Advanced Pain's Petition is meritless and should be denied.

**I.    Advanced Pain's Proposed Jurisdictional Exception Has No Basis In Law And Does Not Cure Advanced Pain's Untimely Petition**

As explained in the Motion to Dismiss, this Court lacks jurisdiction over the Petition, Doc. 1, because the United States has not waived its sovereign immunity. *See* Doc. 3 at 4-5. Advanced Pain appears to concede this point—its Response does not even bother

to address sovereign immunity. Instead, Advanced Pain complains that requiring it to comply with the 20 day deadline found in 31 U.S.C. § 3733(j)(2)(A)(i) would be "fundamentally unfair" and asks the Court to expand its jurisdiction. Doc. 4 at 6-7. However, Advanced Pain fails to cite any legal authority for the proposition that unfairness can serve as the basis for extending jurisdiction under these circumstances. Nevertheless, even if such a principle did exist and were applied here, Advanced Pain's Petition would still be untimely. As such, the Petition should be dismissed.

Advanced Pain's narrative of "unfairness" is based on (1) its supposed belief that it had an agreement with the United States regarding the scope of Advanced Pain's privilege waiver and (2) the adjournment of David Vaughn's deposition. First, Advanced Pain claims that it did not file a petition to quash the CID because it thought it had reached an agreement with the United States on the scope of the privilege waiver based on an October 6, 2017 letter. *See id.* at 7 ("Petitioners relied on the Government's clear and unambiguous agreement regarding the limited scope of the waiver and, thus, there was no Petition to file and no dispute to bring before the Court."). Second, Advanced Pain claims that no deposition was scheduled, citing an October 27, 2017 email in which the Government adjourned the previously-scheduled deposition of David Vaughn. *See id.* ("[T]he Government cannot seriously contend that the Petitioners should have filed a Petition to avoid a deposition that was not scheduled."). Because of these circumstances, Advanced Pain argues that the Court should treat its Petition—filed over 8 months after the CID was served—as timely.

However, Advanced Pain's Response completely ignores facts that show (1) Advanced Pain knew there was a disagreement over the scope of the privilege waiver and

2

(2) the Government was actively working to reschedule Mr. Vaughn's deposition. When these facts are considered, it is clear that Advanced Pain knew a dispute existed and that a deposition was imminent no later than May 15, 2018. Yet, for whatever reason, Advanced Pain waited over a month before it filed its Petition. Thus, even if the 20 day deadline was tolled based on the circumstances cited by Advanced Pain, the Petition is still untimely.

First, Advanced Pain knew the United States disagreed about the scope of the privilege waiver as early as October 19, 2017. As Advanced Pain's own Response admits, a dispute arose regarding the scope of the waiver during the October 19, 2017 deposition of Dr. Daitch. *See* Doc. 4 at 3-4; Daitch Deposition Tr. 86:21-88:22 (attached as Exhibit 1). This disagreement was later acknowledged by the United States in an October 27, 2017 email received by counsel for Advanced Pain. *See* Doc. 4, Exhibit 4 at 1. ("Currently, Nicole and I are in a disagreement with respect to the scope of the waiver.") Further, on May 23, 2018, counsel for Advanced Pain explicitly recognized the disagreement in an email to AUSA Cohen. *See* Doc. 4, Exhibit 5 at 2 ("As I was reviewing the attached emails, I also realized that we had a disagreement regarding the scope of the waiver and testimony that remains unresolved."). Thus, even if Advanced Pain thought there was no dispute when it received the United States' October 6, 2017 letter, subsequent events disabused them of that belief.[1]

---

[1] In its submissions to this Court, Advanced Pain ignores these facts and paints a misleading picture of its belief in the parties' supposed "agreement." Indeed, Advanced Pain claims it thought there was no reason to file a petition because the parties were in harmony about the scope of the waiver. *See* Doc. 4 at 7 ("Petitioners relied upon the Government's clear and unambiguous agreement regarding the limited scope of the waiver and, thus, there was no Petition to file and no dispute to bring before the Court."). Based on the statements listed above, Advanced Pain's claim that it chose not to file its Petition based on its belief that there was no dispute to bring to the Court is disingenuous.

Second, Advanced Pain became aware that Mr. Vaughn's deposition was imminent on May 15, 2018. *See* Doc. 4, Exhibit 5 ("I would like to work on rescheduling your deposition sometime soon. What's your availability in June?"). Indeed, Advanced Pain has already conceded this point in its Petition. *See* Doc. 1 at 8 ("In May 2018, the AUSA abruptly communicated his renewed interest in deposing Mr. Vaughn . . . .").

Based on these facts, it is undeniable that by May 15, 2018 Advanced Pain was aware of both the live privilege dispute and the United States' attempts to schedule Mr. Vaughn's deposition. Yet, despite this awareness, Advanced Pain waited over a month to file its petition. *See* Doc. 1. Thus, even if there is a fairness exception that tolls the twenty day deadline in § 3733, it would not save Advanced Pain here because the factual circumstances Advanced Pain relies on ceased to exist more than twenty days prior to the filing of the Petition. As such, Advanced Pain's argument that this Court has jurisdiction fails.[2]

## II. The CID Adequately Describes the Testimony Sought from David Vaughn

In its Response, Advanced Pain argues—for the first time to this Court—that CID 2017-30 lacks specificity.[3] Oddly, however, Advanced Pain does not bother to include the language from the CID that it deems too indefinite. *See* Doc. 4 at 9. Instead, Advanced

---

[2] Advanced Pain makes one other factual statement that must be addressed here. On page 7 of its Response, Advanced Pain states that "in accordance with § 3733(j)(2)(A)(ii) the Government had continued any deposition to a future date (if at all)." This statement is nonsensical. Section 3733(j)(2)(A)(ii) has nothing to do with depositions. Rather, § 3733(j)(2)(A)(ii) allows a party who intends to petition a court to set aside a CID to agree upon a longer period for filing a petition. No such agreement was made between Advanced Pain and the relevant false claims law investigator here.

[3] Throughout its Response, Advanced Pain accuses the United States of making factual misstatements about the arguments underlying Advanced Pain's Petition to set aside the CID. As support for these accusations, Advanced Pain cites an October 3, 2017 letter that contained objections to the document requests and interrogatory contained in CID 2017-30. To the extent that the October 3 letter contained reasons to quash the request for oral testimony included in the CID that were not included in Advanced Pain's Petition, they are waived. *See* 31 U.S.C. § 3733(j)(2)(B) ("The petition shall specify each ground upon which the petitioner relies in seeking relief . . . .").

4

Pain conflates the request for testimony in the CID with statements from the United States' Motion to Dismiss and belatedly argues that these statements fail to comply with the "governing law" (which Advanced Pain also fails to identify).

The governing law is 31 U.S.C. § 3733(a)(2)(D). Relevant here is subpart (v), which states that a CID seeking oral testimony shall "describe the *general* purpose for which the demand is being issued and the *general* nature of the testimony, including the *primary* areas of inquiry, which will be taken pursuant to the demand." *See* 31 U.S.C. § 3733(a)(2)(D)(v) (emphasis added). Thus, to comply with the statutory requirements, a CID only needs to offer a general description of the testimony being sought and primary areas of inquiry.

Here, the CID clearly meets these standards because it describes its purpose and the nature of the testimony sought from Mr. Vaughn. Indeed, the CID states that it was issued to discover Mr. Vaughn's knowledge regarding advice provided to Advanced Pain and Dr. Daitch regarding "Anesthesia Partners of SWFL, HHS-OIG Advisory Opinion 12-06 and/or HHS-OIG Advisory Opinion 13-15." *See* Doc. 4, Exhibit 1 at 2. Because the CID provides notice of the specific topics the United States intends to explore with Mr. Vaughn, Advanced Pain's argument that the CID is too indefinite fails.[4]

---

[4] Advanced Pain's argument that the United States is seeking purely duplicative testimony is also meritless. The United States previously addressed this issue in its Motion to Dismiss. *See* Doc. 3 at 9. In its Response, Advanced Pain claims that it has made a full disclosure of the advice provided by Mr. Vaughn and that there "is no area of dispute about the good faith reliance on the advice of a legal expert." Doc. 4 at 12. That is demonstrably false. Without deposing Mr. Vaughn, the United States would be forced to rely solely on post-hoc descriptions of Mr. Vaughn's advice that were authored in collaboration with Advanced Pain's investigation counsel. The only advice that was given prior to the initiation of this investigation is contained in the 11 pages of emails produced by Advanced Pain. Rather than offering the Court a competing characterization of the "advice" contained in those emails, the United States attaches them here as Exhibit 2. Advanced Pain has waived privilege over these communications, and they are submitted pursuant to the United States' authority under 31 U.S.C. § 3733(i)(3).

### III. Advanced Pain's Request For A Protective Order Should Be Denied

In its Response, Advanced Pain belatedly requests a protective order limiting the scope of Mr. Vaughn's deposition. Upon a showing of good cause, a court may grant an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense." *Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). The party seeking a protective order bears the burden of demonstrating good cause, and "must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Id.* at 430. Advanced Pain has not carried its burden. To the contrary, it has offered nothing more than the conclusory statements that courts in this district have deemed insufficient. *See* Doc. 4 at 14-15. As such, Advanced Pain's request for a protective order should be denied.

### IV. Conclusion

As explained above and in the United States' Motion to Dismiss, the Court lacks jurisdiction over Advanced Pain's challenge to CID 2017-30. Even if the Court has jurisdiction, the conduct being investigated by the United States is within the scope of the Attorney General's congressional authority, the demands are specific and clear, and the information sought is relevant to the United States' investigation. As such, the United States respectfully requests that the Petition be denied.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ David P. Sullivan*
DAVID P. SULLIVAN

Assistant United States Attorney  
Florida Bar No. 0111166  
2110 First Street, Suite 3-137  
Fort Myers, Florida 33901  
Telephone: (239) 461-2200  
Facsimile: (239) 461-2219  
Email: David.Sullivan3@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2018, I caused a true and correct copy of the foregoing to be filed with the Court using the Court's CM/ECF filing system, which will send an electronic notice of filing to:

Nicole Hughes Waid
Brian E. Dickerson
FISHER BROYLES LLP
2390 Tamiami Trial North, Suite 100
Naples, FL 34103

/s/ *David P. Sullivan*
DAVID P. SULLIVAN
Assistant United States Attorney